UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSICA NEGALHA,<br>　　　Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br>　　　Defendants. | Civil Action No. 1:13-cv-10098-___ |

## COMPLAINT

### INTRODUCTION

The Plaintiff, Jessica Negalha, brings this action, under the federal Fair Debt Collection Practices Act ("FDCPA") and Massachusetts' Debt Collection Act and the Massachusetts unfair and deceptive collection procedures statute against the debt collectors Dynamic Recover Solutions, LLC and its employee collector.  The Defendants used false threats and statements, and harassed and intimidated the Plaintiff, in an attempt to collect a debt which also is time-barred.  The Plaintiff brings this action for actual damages, statutory damages, and other relief against the Defendants.

### PARTIES

1.　　Plaintiff Jessica Negalha is an individual consumer residing in New Bedford, Massachusetts.

2.　　Defendant Dynamic Recovery Solutions, LLC ("DRS") is a domestic limited liability company with an office at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina, 29615 and a mailing address of P.O. Box 25759, Greenville, South Carolina, 29616.  DRS's registered agent is National Registered Agents, Inc., 2 Office Park Court, Suite 103, Columbia,

South Carolina, 29223.  DRS's registered agent in Massachusetts is National Registered Agents, Inc., 303 Congress Street, 2nd Floor, Boston, MA 02210.

3. DRS is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts.  DRS regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts.

4. DRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6), G.L. c. 93, § 24 and 209 CMR 18.02, and a "creditor" as defined by G.L. c. 93, § 49 and 940 CMR 7.03.

5. On information and belief, Defendant "Courtney" Doe is an individual collector employed by DRS.  On information and belief, Ms. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6) and applicable state laws.

## JURISDICTION & VENUE

6. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue in this district is proper as the Plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

8. At all times relevant hereto, the Defendants were attempting to collect an alleged debt from the Plaintiff (hereinafter "debt").

9. The debt was incurred by the Plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. The debt was incurred no fewer than ten (10) years ago.

11. In June, 2012, the Defendant's employee collector, Defendant Courtney Doe, (hereinafter "collector") called the Plaintiff.

12. The collector was, at all relevant times, acting within the scope of her employment and with actual or apparent authority from the Defendant.

13. The collector attempted to collect a debt from the Plaintiff.

14. The collector did not provide the Plaintiff with the notification required per the Massachusetts Attorney General's regulation 940 CMR 7.07(24).

15. The Plaintiff's only source of income is Social Security.

16. The collector did not inquire about the Plaintiff's source of income.

17. The collector told the Plaintiff that this was her only opportunity to repay this debt or else she would face even worse consequences.

18. The Plaintiff offered to pay the maximum she could afford in monthly payments to the Defendant until the debt was paid off.

19. The collector argued with the Plaintiff and told her that unless she paid more that the Defendant would "investigate her finances" and "seize" what is owed.

20. During one telephone conversation, the Defendants brought the Plaintiff to tears.

21. The Plaintiff provided the Defendants' with a checking account for the Defendants to make an automatic withdrawal each month in the amount of Twenty Five Dollars ($25).

22. The Defendants proceeded to take money from the Plaintiff for several months.

23. The Defendants never provided the Plaintiff with any information in writing concerning the debt.

24. When the Plaintiff was no longer able to afford the monthly payments, the Defendants began making intimidating, threatening and harassing telephone calls to the Plaintiff.

25. These telephone calls have continued.

26. The Defendants have telephoned the Plaintiff's husband numerous times in their attempts to collect the debt.

27. Since June 2011, as a result of the Defendants conduct, the Plaintiff has suffered sleeplessness, a general state of heightened anxiety and experiences visceral, panic-stricken reactions now when her telephone rings.

28. As a result of the Defendants' conduct, the Plaintiff has suffered emotional distress and other damages.

## CAUSES OF ACTION

### - Count I -

**Violations of 15 U.S.C. 1692-1692p (Federal Fair Debt Collection Practices Act)**

29. Plaintiff incorporates and realleges the foregoing paragraphs.

30. The Defendants made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

31. The Defendants threatened to take action that could not legally be taken or that it did not intend to be take in violation of 15 U.S.C. § 1692e(5).

32. The natural consequence of the Defendants' conduct was to harass, oppress, or abuse the Plaintiff in violation of 15 U.S.C. § 1692d.

33. The Defendants caused the Plaintiff's telephone to ring or engaged the Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff in violation of 15 U.S.C. § 1692d(5).

34. The Defendants actions caused the Plaintiff actual damages.

35. Pursuant to 15 U.S.C. § 1692k, the Plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the Defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

## - Count II -

**Violations Of G.L. c. 93, §§ 24-28 (Massachusetts Fair Debt Collection Practices Act)**

36. Plaintiff incorporates and realleges the foregoing paragraphs.

37. The Defendants' conduct violated the Massachusetts Fair Debt Collection Practices Act (G.L. c. 93, §§ 24-28) as follows.

38. Because the debt is time-barred, the Defendants knowingly made false and misleading representations about the character, extent or amount of the debt in violation of 209 CMR 18.16(2)(a).

39. The Defendants procured the Plaintiff's husband's telephone number and contacted him concerning the debt in violation of 209 CMR 18.14(2).

40. The Defendants engaged in conduct the natural consequence of which is to harass, oppress or abuse in violation of 209 CMR 18.15.

41. The Defendants threatened to access the Plaintiff's financial accounts to recover the debt and excessively telephoned the Plaintiff (with the intent to annoy, abuse or harass) in violation of 209 CMR 18.15 and 18.16(4)-(5) and (10).

42. The Defendants failed to comply with 209 CMR 18.18 regarding the validation of debts, having failed to communicate in writing with the Plaintiff in the manner required within five (5) business days of the initial contact in June 2012.

43. The Defendants actions caused the Plaintiff actual damages.

### - Count III -

**Violations Of G.L. c. 93, §49 (Massachusetts Unfair & Deceptive Collection Procedures)**

44. Plaintiff incorporates and realleges the foregoing paragraphs.

45. The Defendants' conduct violated the Massachusetts law prohibiting unfair and deceptive debt collection (G.L. c. 93, §49) as follows.

46. The Defendants made false representations about information in their possession in violation of 940 CMR 7.07(1).

47. Because the debt is time-barred (the statute of limitations has run), the Defendants knowingly made false and misleading representations about the character, extent or amount of the debt in violation of 940 CMR 7.07(2), (16) and (24).

48. The Defendants procured the Plaintiff's husband's telephone number in violation of 940 CMR 7.07(8).

49. The Defendants threatened to access the Plaintiff's financial accounts to recover the debt in violation of 940 CMR 7.07(18).

50. The Defendants failed to comply with the notice requirement of 940 CMR 7.07(24)(a).

51. The Defendants failed to comply with 940 CMR 7.08 regarding the validation of debts, having failed to communicate in writing with the Plaintiff in the manner required within five (5) business days of the initial contact in June 2012.

52. The Defendants actions caused the Plaintiff actual damages.

WHEREFORE, the Plaintiff, Jessica Negalha, respectfully requests that this Court:

A. Enter judgment for the Plaintiff against the Defendants for actual damages pursuant to 15 U.S.C. § 1692k;

B.      Enter judgment for the Plaintiff against the Defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

C.      Enter judgment declaring that the Defendants' actions violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*;

D.      Enter judgment declaring that the Defendants' actions violated the Massachusetts Fair Debt Collection Practices Act, G.L. c. 93, § 24 *et seq.*;

E.      Enter judgment declaring the Defendants' actions violated the Massachusetts laws prohibiting unfair and deceptive collection practices, G.L. c. 93, § 49;

F.      Award the Plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3), the Massachusetts Fair Debt Collection Practices Act, and the Massachusetts unfair and deceptive collection procedures statute; and

G.      Grant such other relief that the Court deems just and equitable.

- JURY TRIAL DEMANDED -

January 16, 2013                          **JESSICA NEGALHA**

                                           **By & Through Her Attorneys,**

                                           **Ortiz & O'Donnell**

*/s/ John L. McGowan*
John L. McGowan (BBO669751)
jlm@mass-legal.com
Nicholas F. Ortiz (BBO655135)
nfo@mass-legal.com
Ortiz & O'Donnell
306 Dartmouth Street, Suite 501
Boston, MA 02116
Direct (781) 806-0291
Office (617) 716-0282
Fax (781) 634-0355